UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS KITCHEN,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | Case No. ED CV 14-11-SP<br><br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**<u>INTRODUCTION</u>**

On January 6, 2014, plaintiff Dennis Kitchen filed a complaint against defendant, the Commissioner of the Social Security Administration ("Commissioner"), seeking a review of a denial of a period of disability and disability insurance benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents a single disputed issue for decision: whether the Administrative Law Judge ("ALJ") properly rejected the opinion of examining physician Dr. John Branch. Memorandum in Support of Plaintiff's Complaint ("P. Mem.") at 2-5; Memorandum in Support of Defendant's Answer ("D. Mem.") at 2-6.

Having carefully studied, inter alia, the parties's moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly discounted the opinion of plaintiff's treating physician by providing specific and legitimate reasons supported by substantial evidence for doing so. The court therefore affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was fifty-six years old on his alleged disability onset date, is a high school graduate. AR at 34, 136. He has past relevant work as a shipping and receiving clerk and a material handler. *Id.* at 48.

On December 14, 2010, plaintiff filed an application for a period of disability and DIB due to pain in his lower spine and numbness in his right leg. *Id*. at 136, 164. This application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id*. at 71-74, 76-81, 83.

On July 19, 2012, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. *Id*. at 29, 34-47. The ALJ also heard testimony from Kristen Cicero, a vocational expert. *Id.* at 47-50. On September 14, 2012, the ALJ denied plaintiff's claim for benefits. *Id*. at 17-25.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since November 16, 2010, the alleged onset date. *Id.* at 19.

At step two, the ALJ found that plaintiff suffered from the following severe impairment: disc disease of the lumbar spine. *Id.*

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.* at 20.

The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and determined that plaintiff had the RFC to perform medium work with the following limitations: lift/carry fifty pounds occasionally and twenty-five pounds frequently; stand/walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; occasionally climb using ladders, ropes, and scaffolds; and frequently climb using ramps and stairs. *Id.*

The ALJ found, at step four, that plaintiff was capable of performing his past relevant work as a shipping and receiving clerk. *Id.* at 24. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id.*

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 1-4, 12-13. The ALJ's decision stands as the final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

## III.

## **STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ improperly discounted the opinion of treating physician, Dr. John Branch. P. Mem. at 2-5. Specifically, plaintiff contends that the reasons provided were legally insufficient.

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 404.1527(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 404.1527(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* at 830. Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-31. The opinion of a

non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

On February 17, 2012, Dr. Branch completed a standardized form titled: Medical Opinion Re: Ability to Do Work-Related Activities (Physical). AR at 223-25. Dr. Branch indicated that plaintiff could occasionally lift and carry at most less than ten pounds, and similarly, could frequently lift and carry at most less than ten pounds. *Id.* at 223. During an eight-hour workday, plaintiff could stand and walk for about six hours and could sit about six hours. *Id.* Dr. Branch opined that plaintiff could not sit for more than 90 minutes without changing positions and could stand for only 30 minutes before changing position. *Id.* Every 90 minutes plaintiff needs to walk around for 15 minutes. *Id.* at 224. Dr. Branch cited to his physical exam of plaintiff and an MRI in support of his finding. *Id.*

The ALJ assigned less weight to Dr. Branch's opinion than to the opinions of state agency medical consultants, finding that Dr. Branch's opinion was "without substantial support from any objective clinical or diagnostic findings" and therefore less persuasive. AR at 23. Moreover, the ALJ deemed Dr. Branch's opinion "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." *Id.* Finally, the ALJ found that Dr. Branch's opinion was inconsistent with his own treating records. *Id.*

The ALJ's first reason for discounting Dr. Branch's opinion – that it lacked substantial support from any objective clinical or diagnostic findings – does not find support in the record. Dr. Branch stated that the results of a physical examination and an MRI informed his opinion about plaintiff's limitations. *Id.* at 224. The physical examination results showed that plaintiff experienced numbness in his right thigh; presumably this information is an expression of

plaintiff's subjective complaints. *Id.* at 224. But the MRI presents objective findings of plaintiff's lumbar degeneration. *Id.* at 187, 224. Therefore the court finds that there was objective support for Dr. Branch's opinion and the ALJ's erred with regard to this reason for discounting the opinion. But this error was harmless, as the court finds the ALJ's remaining two reasons were specific and legitimate and supported by substantial record evidence.

The second reason the ALJ provided for discounting Dr. Branch's opinion was that the opinion was conclusory. *Id.* at 23. In support of the ALJ's finding, the Commissioner cites cases holding that an ALJ may reject "check-off reports that [do] not contain any explanation of the bases of" a doctor's conclusions. *Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012); *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (holding ALJ permissibly rejected psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions."). The questionnaire that Dr. Branch completed here is a standardized form, but it is not fairly characterized as "check box." There are areas instructing the doctor to provide supporting reasoning and clinical findings, which, as noted above, Dr. Branch did, but to a very limited extent. The ALJ did not characterize the form as check-box, but rather fairly characterized it as conclusory and having little explanation. This court cannot say that the ALJ erred in so characterizing the opinion, nor was it improper for the ALJ to find it less persuasive than others for this reason.

The ALJ's third reason for discounting Dr. Branch's opinion is that his opinion was inconsistent with his treating records, which indicated negative straight leg raising tests and normal heel-toe walking. *Id.* at 23, 188-89. A negative "straight leg raise test" – where a medical practitioner gently raises the patient's leg upward while the patient is lying down and that action does not cause the patient her typical pain – suggests a lack of nerve root irritation.

7

http://meded.ucsd.edu/clinicalmed/joints6.htm (last visited Dec. 10, 2014). "Therefore, [a] negative test helps rule out nerve root irritation as cause of pain." *Id.* Plaintiff counters that the normal findings of these two tests are not inconsistent with the limitations opined by Dr. Branch. Specifically, plaintiff argues that these test results do not indicate that plaintiff's "spinal impairment imposes no functional limitations." P. Mem. at 5. Plaintiff has at best made an argument that the record supports more than one rational interpretation. Such an argument is insufficient to show legal error because "[i]f the record would support more than one rational interpretation, [the court] defer[s] to the ALJ's decision." *Bayliss v. Barnhart*, 427 F.3d at 1214 n. 1 (9th Cir. 2005) (citation omitted). Accordingly, the ALJ did not err when he concluded that Dr. Branch's treatment notes conflicted with his opinion regarding plaintiff's limitations.

Because the ALJ provided two specific and legitimate reasons supported by substantial evidence, the ALJ did not err in giving less weight to Dr. Branch's opinion.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

DATED: December 19, 2014

SHERI PYM
United States Magistrate Judge